UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICROMAN DISTRIBUTORS, INC.,

    Plaintiff,

v.                                  CASE NO: 8:10-cv-1937-T-26MAP

AMTEC INTERNATIONAL OF NY CORP.,

    Defendant.
_____/

## O R D E R

Before the Court is Defendant's Motion to Dismiss (Dkt.13) and Plaintiff's opposing Memorandum. (Dkt. 17). After careful consideration of the motion, the allegations of the complaint (Dkt. 1), and the applicable law, the Court concludes that the motion should be denied.

### STANDARD OF REVIEW

All factual allegations of the complaint are considered true and all inferences from those facts will be construed in the light most favorable to the plaintiff. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. of Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). The complaint must allege "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The factual allegations must be

"enough to raise a right to relief above the speculative level." Id., 550 U.S. at 545. "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, ___ U.S. ___, 129, S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).

## ALLEGATIONS

The complaint alleges the following set of facts. Plaintiff is a licensed beer (malt beverage) wholesale distributor in Florida. Defendant imports various brands of beer into Florida. In November 2004, Plaintiff and Defendant entered into an oral agreement by which Defendant agreed that Plaintiff would distribute beer imported by Defendant within the state of Florida. The oral agreement was amended on three different occasions in writing: on July 10, 2008; May 5, 2009; and February 3, 2010. The amendments, each time, affected only 18 particular counties in Florida, and each created an exclusive distributorship in the counties named therein. For example, the written amendment of July 2008 creates an exclusive distributorship in Plaintiff granting Plaintiff the right in 18 Florida counties to purchase, resell, and distribute 11 listed beers. (Dkt. 1, Exh. A).[1] With respect to all other counties in Florida not listed in the amendments, Plaintiff has sold and continues to sell beer imported by Defendant. Plaintiff alleges that Defendant

---

[1] The May 2009 written amendment creates, in the same 18 counties, the right to distribute 10 beers, and the February 2010 written amendment creates, in the same 18 counties, the right to distribute 12 beers.

requests that Plaintiff distribute beer in counties other than the 18 listed in the written amendments.

Plaintiff alleges that the oral November 2004 agreement constitutes a franchise as defined in section 563.022(2)(c), Florida Statutes. Plaintiff alleges that Defendant, after and despite the oral 2004 agreement, has entered into, or will likely enter into, a franchise or selling agreement with another distributor for the distribution of Defendant's beer to counties in Florida for which Plaintiff holds an exclusive distributorship. Plaintiff asserts that Defendant's termination, cancellation, failure to renew, or refusal to continue the franchise is without good cause as defined in subsections 563.022(7) and (10) of the Florida Statutes. Plaintiff alleges that Defendant's actions constitute bad faith and unfair and prohibited acts under subsections 563.022(5) and (6) of the Florida Statutes.

## ANALYSIS

Defendant contends that Plaintiff has failed to state a claim for relief because section 563.021, Florida Statutes, requires the November 2004 oral agreement to be in writing. Defendant argues that the three subsequent "written amendments" constitute the binding written exclusive franchise agreement. Hence, Plaintiff can sell only those beers listed in the written amendments only in the 18 counties listed.

Plaintiff counters that section 563.022(2)(c), Florida Statutes, by its plain language, permits oral franchise agreements, and that Plaintiff does not rely on section 563.021, but rather section 563.022. Plaintiff asserts that the three written amendments to

the oral contract of November 2004 simply amends and reduces only a portion of the oral contract to writing. Plaintiff argues that the written amendments grant Plaintiff an exclusive franchise for those 18 counties for the particular beers listed in the written agreements. Essentially, the written amendments work to bar Defendant from selling the particular brands listed to any other distributor in those specific 18 counties. The written amendments do not preclude Plaintiff from selling Defendant's beers in the remaining 49 counties in Florida, commensurate with the November 2004 oral agreement. Plaintiff's allegations support his contention that he has been the de facto exclusive distributor for the state of Florida. Based on Plaintiff's scenario, Plaintiff holds an exclusive license for particular beers in 18 counties and presently, the right to sell Defendant's product in the other 49 counties in Florida. It is the alleged loss or potential loss of this right to sell in the 49 counties, which is subject of this lawsuit.

A reading of the two Florida statutes, sections 563.021 and 563.022, seems to present a conflict between the two sections at first blush. Section 563.021 requires that a distributor must not sell or deliver to a retail vendor outside the distributor's restricted exclusive sales territory, and that the mutual agreement for the creation of a restricted exclusive sales territory must be in writing. Section 563.022 permits a "franchise" agreement to be oral or written and indefinite in time, and defines franchise as the

agreement by which a manufacturer grants to a beer distributor the right to purchase, resell, and distribute brands offered by the manufacturer.[2]

None of the cases cited specifically explain or address the interplay between the two sections of the statute.[3] First, the case in which the district court held that Florida's beer distributor law superseded the statute of frauds was not appealed on that issue. See Geary Distrib. Co. v. All Brand Importers, Inc., 931 F.2d 1431, 1433 (11th Cir. 1991) (referencing that "district court . . . held that the beer distribution statute supersedes the Florida statute of frauds and is the controlling statute in the case."). If the issue of the statute of frauds was raised in the appeal, the Eleventh Circuit makes no mention of that

---

[2] Section 563.022(2)(c), titled in part "Relations between beer distributors and manufacturers," provides as follows:
> "Franchise" means a contract or agreement, either expressed or implied, whether oral or written, for a definite or indefinite period of time in which a manufacturer grants to a beer distributor the right to purchase, resell, and distribute any brand or brands offered by the manufacturer.

§ 563.022(2)(c), Fla. Stat. (2010). Section 563.021, titled in part "exclusive sales territories," provides that a "restricted exclusive sales territory shall be mutually agreed upon by the manufacturer or importer and the distributor, and shall be embodied in a formal written agreement . . ." § 563.021, Fla. Stat. (2010).

[3] Florida's Alcoholic Beverage Law has been in existence for decades. In 1972, a significant rewrite of the law occurred resulting in the creation of Chapter 563 dealing with beer specifically. Another revision, specifically creating section 563.022, occurred in 1987, and that section has been revised several times thereafter. The version of section 563.022 that became effective June 4, 1987, introduced the definition of "franchise" as recited in the previous footnote. The 1987 law expressly limits the application of the section to "all written or oral agreements between a manufacturer and beer distributor in existence on June 4, 1987, as well as agreements entered into or renewed after June 4, 1987." § 563.022(15), Fla. Stat. (1987).

issue on appeal in its opinion, holding instead that retroactive application of Florida's beer distributor statute violates the Florida Constitution's contract clause. Notwithstanding this observation, the change in the beer distribution statute, specifically section 563.022 which was not enacted until 1987, permits an oral franchise agreement for an indefinite period of time, thus superseding Florida's statute of frauds.[4] The Eleventh Circuit has recognized the viability of Geary in a case that involved an action brought for violations of section 563.022 based on an oral contract between a distributor and the manufacturer in 1984. See Gulfside Distribs., Inc. v. Becco, Ltd., 985 F.2d 513 (11th Cir. 1993) (relying on Geary and Gans v. Miller Brewing Co., 560 So.2d 281 (Fla.Dist.Ct.App. 1990) for proposition that retroactive application of section 563.022 violates the Florida Constitution's contract clause).

The two cases relied upon by Defendant are distinguishable. In All Brand Importers, Inc. v. Tampa Crown Distribs., Inc., 864 F.2d 748 (11th Cir. 1989), the breach of contract claim was directed to an oral contract entered into 1984, which is not subject to section 563.022. Notably, the decision makes no mention of section 563.022 in its analysis. In Anthony Distributors, Inc. v. Miller Brewing Co., 941 F.Supp. 1567 (M.D. Fla. 1996), the exact date of the contract is not mentioned, perhaps largely in part because

---

[4] "[T]he Legislature is presumed to know the existing law when it enacts a statute and is also presumed to be acquainted with the judicial construction of former laws on the subject concerning which a later statute is enacted." Williams v. Jones, 326 So.2d 425, 435 (Fla. 1975).

the district court found there was no record evidence of an "agreement."  In any event, the court found that the statute of frauds would have barred the claim, citing All Brand Importers, presumably because section 563.022 would not have applied to the agreement at issue.

Having studied the allegations of the four corners of the complaint, the Court finds that Plaintiff has stated a claim for relief under section 563.022 of the Florida Statutes.  Section 563.022 expressly contemplates the existence of an oral contract for an indefinite period of time between a distributor such as Plaintiff and a manufacturer such as Defendant.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. 13) is **DENIED**.  Defendant shall file an answer and defenses no later than ten (10) days from the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on December 10, 2010.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record