UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICRO MAN DISTRIBUTORS, INC.,

    Plaintiff,

v.                                        CASE NO: 8:10-cv-1937-T-26AEP

AMTEC INTERNATIONAL OF NY CORP.,
EUROPEAN BEER IMPORTERS, INC., and
BOGUSLAW PAJOR,

    Defendants.
_____/

**O R D E R**

Before the Court is Defendant Amtec International's Motion to Dismiss (Dkt. 40). After careful consideration of the motion, the Second Amended Complaint, and the applicable law, the Court concludes that the motion should be denied thus obviating the need for a response from Plaintiff.

Plaintiff filed an Amended Complaint on May 24, 2011, pursuant to this Court's order permitting an amendment to add counts II through IV and to add two parties.[1] By agreement of the parties, which was approved by this Court, Plaintiff filed a Second Amended Complaint to correct typographical errors.[2] Defendant Amtec International of NY Corp. (Amtec) now moves to dismiss the Second Amended Complaint for failure to state a cause of action. Specifically, Amtec raises the following grounds: (1) the failure to allege facts of a termination; (2) reasonable compensation is not available absent a written distribution agreement; and (3) count II lacks sufficient facts.

---

[1] See dockets 29 & 30.

[2] See dockets 34 & 35.

Defendant requests this Court to look beyond the complaint in the context of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is improper.  See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984).  By citing statements made in depositions, which are attached to the motion to dismiss, as facts to contradict the well-pled allegations of the Second Amended Complaint, Defendant improperly relies on materials outside the four corners of the complaint.  With respect to the requirement of a written contract, this issue was addressed in a prior order of this Court wherein the Court found that Plaintiff was relying on section 563.022, Florida Statutes, which contemplates the existence of an oral contract for an indefinite period of time.  Considering the allegations of the Second Amended Complaint as a whole, the Court finds it sufficient "enough to raise a right to relief above the speculative level." See Ashcroft v. Iqbal, ___U.S.___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007). Consequently, the motion to dismiss is denied.

It is therefore **ORDERED AND ADJUDGED** that Defendant Amtec International's Motion to Dismiss (Dkt. 40) is **DENIED.**  Defendant shall file its answer and defenses within ten (10) days of the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on June 13, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record