UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICRO MAN DISTRIBUTORS, INC.,

    Plaintiff,

v.                                                  CASE NO: 8:10-cv-1937-T-26AEP

AMTEC INTERNATIONAL OF NY CORP.,
EUROPEAN BEER IMPORTERS, INC., and
BOGUSLAW PAJOR,

    Defendants.
_____/

**O R D E R**

Before the Court is the Defendants' Motion for Summary Judgment, Statement of Undisputed Facts, and various attachments (Dkts. 60 & 61), Plaintiff's Memorandum in Opposition (Dkt. 74), the Plaintiff's Motion for Partial Summary Judgment and Statement of Undisputed Facts (Dkts. 62 & 63), and Defendants' Memorandum in Opposition. (Dkt. 73). After careful consideration of the submissions of the parties and the entire record, the Court concludes that both motions should be denied.

**APPLICABLE STANDARD**

Summary judgment is proper only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The facts must be viewed, and all reasonable inferences

drawn, in the light most favorable to the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## PLAINTIFF'S MOTION

Plaintiff seeks summary judgment on Defendants' affirmative defenses to the Second Amended Complaint and on Defendant Amtec's counterclaims. Plaintiff alleges first, that Amtec's appointment of European as a distributor terminated Micro Man's prior distribution rights without notice or just cause in contravention of section 563.022(6)-(9), Florida Statutes, and second, that Amtec's interest in the license, assets, and business of European violates the three-tiered beer distribution system prohibited by section 563.022(14)(a)(3). Plaintiff claims its damages are measured using the increased sales margin available to a manufacturer such as Amtec for selling directly to a retailer without having to sell first to a distributor, since Amtec owns an interest in European and therefore European is not technically a distributor for purposes of the beer distribution system.

With respect to whether summary judgment should be granted as to any of the affirmative defenses, the Court finds first, that the bare-boned allegations are sufficient to place Plaintiff on notice of the grounds on which Defendants will assert the affirmative defenses. Unlike <u>Spellman v. RSC Equip. Rental, Inc.</u>, 2010 WL 450400 (M.D. Fla.

2010), cited by Plaintiff, this case does not require the identification of any nonparties to which comparative negligence applies, nor does this case involve the duty to warn. Plaintiff focuses more on the absence of pleaded facts in the affirmative defenses rather than a ruling on the merits, however. To the extent Plaintiff seeks a resolution of the merits on Defendants' affirmative defenses, the Court finds that genuine issues of material fact exist that prohibit such resolution.

As to Defendant Amtec's counterclaims, the first counterclaim seeks a declaration that Amtec has the right to terminate Micro Man as a distributor in the non-exclusive territory (the territory other than the eighteen counties listed in the written agreements), and the second counterclaim seeks a declaration that Amtec can treat Micro Man's distribution of beer in the non-exclusive territory as a breach and therefore terminate Micro Man's distribution rights statewide. Plaintiff argues that Amtec's counterclaims are premature because it has not yet terminated the distribution agreement. The Court finds Amtec's authority and reasoning persuasive and therefore finds that the counterclaims should not be dismissed as premature.

## DEFENDANTS' MOTION

Defendants seek summary judgment on all four counts of the Second Amended Complaint and on Amtec's counterclaims. At the outset, to say this case is replete with disputed facts is an understatement. Not only are those facts disputed, but some of the witnesses for each party, respectively, have provided, at the very least, inconsistent facts

or characterizations of those facts. The Court finds that some of those facts are material ones which prevent the entry of summary judgment as a matter of law.

First, as pointed out by Plaintiff, the Defendants would have it both ways. If Ms. Maleszewski did not have either the real, apparent, or inherent authority to enter into an agreement on behalf of Amtec with Micro Man, then any facsimile or writing sent or signed by her cannot represent the agreement with Amtec. The terms of the franchise agreement between the parties are heavily disputed, and the apparent conduct of the parties would seem to support Micro Man's contention that it was the sole distributor for Amtec until 2010 when Amtec entered into an agreement with European to distribute beer on the eastern coast of Florida. At the time of the filing of the summary judgments, however, according to Amtec, Amtec had not terminated Micro Man as its distributor, even in the east coast counties.

Second, there are many disputed facts as to the exact relationship between European and Amtec and whether the two entities deal at arm's length in their arrangement with regard to the distribution of Amtec's products in the east coast counties. The issue of control of European is fraught with disputed facts. To the extent Defendants assert that Micro Man cannot assert any statutory rights against European, the gist of Micro Man's position is that it is asserting its rights against Amtec as the manufacturer by raising issues as to European's false front as its distributor for Amtec when, in actuality, Amtec is acting as the distributor with European as its conduit and Mr. Pajor at the helm

of both. While this may be Micro Man's position supported by some facts, the exact relationship must be proved at trial.

Finally, Defendants take issue with the damages, or lack of specificity thereof, sought by Micro Man. Defendants shall have the opportunity to raise these issues in its trial brief, and at trial at the appropriate time. It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendants' Motion for Summary Judgment (Dkt. 60) is **DENIED**.

(2) Plaintiff's Motion for Partial Summary Judgment (Dkt. 62) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on November 4, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record